UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCUS B. DIGGS,<br>      Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>ET AL.,<br>      Defendants. | )<br>)<br>)<br>)   C.A. 10-11688-JLT<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

TAURO, D.J.

      On September 24, 2010, Plaintiff Marcus B. Diggs ("Diggs") filed a self-prepared civil rights Complaint against a number of Defendants, including the Commonwealth of Massachusetts, the Boston Municipal Court ("BMC"), and several police and probation officers. Diggs's claims stem from his arrest on August 11, 2008, his subsequent revocation of probation on September 19, 2008, and his resulting detention.

      On November 10, 2010, this Court issued a Memorandum and Order (Docket No. 8) permitting certain claims to proceed, but directing Diggs to show cause why his claims against Defendants: (1) the BMC; (2) the Department of Probation; (3) the Commonwealth of Massachusetts; (4) Probation Officer Gregory Pamphile; (5) the Chief Probation Officer; (6) Judge Lawrence McCormick; and (7) Officers Mills and Garabedian (with respect to perjury and malicious prosecution claims) should not be dismissed.

      On November 12, 2010, summonses issued with respect to Boston Police Officers Chris Adams, Peter Garabedian, and Timothy Mills.

      Thereafter, on December 17, 2010, in response to the Memorandum and Order, Diggs filed a Motion to Dismiss Certain Parties (Docket No. 11) and an incorporated show cause

response, along with other Motions for Relief.[1]

## DISCUSSION

I.   Dismissal of Certain Parties

In the first part of Diggs's motion, he seeks to dismiss, without prejudice to reassert these claims, against three parties: (1) the BMC Chief Probation Officer; (2) Probation Officer Gregory Pamphile; and (3) the Commonwealth of Massachusetts BMC.  As grounds for the motion to dismiss, Diggs recognizes that Eleventh Amendment sovereign immunity bars his claims against the Commonwealth of Massachusetts and its agents, as set forth in this Court's Memorandum and Order (Docket No. 8).  Although Diggs takes issue with the application of sovereign immunity and/or does not fully understand the parameters of the doctrine, it appears that he does not intend to oppose this Court's application of the law with respect to these Defendants.[2]  Further, Diggs does not address the directives of the Court to show cause why his claims should not be dismissed as to the Department of Probation, the Commonwealth of

---

[1]The pleading is entitled: "Motion to "Dismiss" Certain Parties From Civil Suite [sic] Motion to "Clarify" Probable Cause Issue Raised in Original Complaint.  Motion and Request to "Submit Medical Records" as Stated in Original Complaint.  Motion to "Clarify" Claim of Malicious Prosecution.

[2]To clarify, the Court GRANTS the motion to dismiss with respect to Probation Officer Pamphile because it appears Diggs does not wish to prosecute the claims against him; however, to the extent that Diggs seeks to voluntarily dismiss because he believes sovereign immunity has been applied by the Court, he is mistaken.  The Memorandum and Order (Docket No. 8) outlines the failure of Diggs to state a plausible due process violation by Probation Officer Pamphile in accordance with Rule 8 of the Federal Rules of Civil Procedure and in view of the factual circumstances belying the claim; it does not address sovereign immunity as a basis for dismissal of Diggs's claims regarding his probation revocation proceedings.  In any event, the Court deems that Diggs has failed to comply with the Court's directives to show good cause why the claims against Probation Officer Pamphile should not be dismissed, and thus dismisses the claims against Probation Officer Pamphile on that basis as well.  Similarly, the claims against the Chief Probation Officer are barred because of the lack of *respondeat superior* liability rather than because of sovereign immunity.  Thus, Diggs has failed to state a plausible claim against this Defendant and the claims are dismissed on that basis.

Massachusetts (apart from the BMC), and Judge Lawrence McCormick.

In light of the above, this Court ALLOWS Diggs's Motion to Dismiss with respect to: (1) the Boston Municipal Court ("BMC") Chief Probation Officer; (2) Probation Officer Gregory Pamphile; and (3) the Commonwealth of Massachusetts BMC. The dismissal is without prejudice, although Diggs is warned that a future attempt to reassert claims that are legally barred (such as those that are barred by sovereign immunity and the lack of *respondeat superior* liability in § 1983 actions) may be deemed by the Court to constitute a frivolous, vexatious, abusive, or malicious filing. Such a filing could subject Diggs to the imposition of sanctions, including monetary sanctions and/or an order enjoining further suits.

Additionally, for the reasons previously set forth in the Memorandum and Order (Docket No. 8), all claims against: (1) the Department of Probation; (2) the Commonwealth of Massachusetts (apart from the BMC); and (3) Judge Lawrence McCormick (to the extent any claims have been asserted), are DISMISSED in their entirety.[3]

II.  Claims of Perjured Testimony of Defendant Officers Mills and Garabedian

In the prior Memorandum and Order (Docket No. 8), this Court directed Diggs to show cause why his civil rights claims based on the alleged perjured testimony of Police Officers Mills and Garabedian should not be dismissed. Diggs asserts policy considerations against application of the doctrine of testimonial immunity, and again argues the alleged factual basis for the assertion that Officers Garabedian's testimony was perjured because there was nothing by Officer Mills or written in the police report to indicate that Diggs was the person who possessed a knife (*i.e.*, there was no description of the suspect (race, clothing) that would have led a

---

[3]To the extent that Diggs has asserted any state law claims against any of the dismissed Defendants, the Court declines to exercise supplemental jurisdiction over any state claims, and those are DISMISSED without prejudice.

3

reasonable officer to believe Diggs was the suspect). While Diggs attempts to address issues discussed in Limone v. United States, 271 F. Supp. 2d 345, 366-67 (D. Mass. 2003) by asserting that there was a conspiracy between the police officers to suborn perjury, his statements appear to be conclusory in nature rather than based on any underlying facts supporting this allegation.[4]

Nevertheless, while the Court considers the merits of Diggs's perjury claims to be dubious, the Court will permit his claims against Officers Mills and Garabedian to proceed, where summonses have already issued against these Defendants. The underlying facts and legal issues may be fleshed out by the parties after service of process has been effected by Diggs.[5]

III.  Claims Regarding Malicious Prosecution

This Court previously noted that Diggs's claims based on malicious prosecution were not set forth in accordance with Rule 8 of the Federal Rules of Civil Procedure, as he did not identify the alleged wrongdoer(s) or describe the basis for the claim. In his response, Diggs now identifies the Defendant as Police Officer Timothy Mills and alleges that he filed criminal charges against him. Diggs asserts that there was no evidence to support each element of the charged crimes, nor probable cause to pursue criminal charges against him, as supported by the dismissal for want of prosecution.

In view of the fact that this Court has already permitted summonses to issue with respect

---

[4]Indeed, Diggs points to grant jury testimony in which Officer Garabedian was asked by Assistant District Attorney Dana Pierce whether he "assumed" that Diggs was a suspect because "the other woman was crying and he was struggling to take control of the car," to which Officer Garabedian responded in the affirmative. (Docket No. 11 at 3). While Diggs gives short shrift to the probative value of those factual circumstances, he relies on the fact that Officer Garabedian stated that he "assumed" that Diggs was a suspect, and he asserts that there was no link to him in the radio broadcast.

[5]Diggs submits arguments regarding the lack of probable cause to arrest or charge him with crimes. This Court need not address these matters insofar as these claims have already been permitted to proceed. See Memorandum and Order (Docket No. 8).

to Police Officer Mills, the Court will permit the malicious prosecution claim to proceed at this time. Again, the issues may be fleshed out by the parties at a later time. Diggs is directed to serve a copy of his Motion to Dismiss (Docket No. 11) and this Memorandum and Order on Defendants Mills, Garabedian, and Adams, along with service of the summonses and Complaint.

IV. Motion to Submit Medical Records

Attached to his pleading, Diggs submits medical records. Diggs need not submit these records as part of his case at this time; medical records may be involved in the discovery process, but do not need to be submitted to the Court.

Accordingly, the Motion to Submit Medical Records is DENIED without prejudice. Because the documents contain confidential information, the Clerk is directed to return the original medical records to Diggs, and shall correct the docket entry to omit the medical records from the public docket.

V. Miscellaneous Requests for Relief

To the extent that Diggs's pleading requests Clarification of the Court's Memorandum and Order (Docket No. 8) with respect to probable cause and the claim of malicious prosecution, the request is DENIED as moot in view of this Memorandum and Order.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion to Dismiss Certain Parties (Docket No. 11) is ALLOWED with respect to: (1) the Boston Municipal Court ("BMC") Chief Probation Officer; (2) Probation Officer Gregory Pamphile; and (3) the Commonwealth of Massachusetts BMC;

2. All claims against: (1) the Department of Probation; (2) the Commonwealth of Massachusetts (apart from the BMC); and (3) Judge Lawrence McCormick (to the extent any claims have been asserted), are DISMISSED in their entirety;

3. The Court will permit the claims against Police Officers Mills and Garabedian with respect to alleged perjured testimony to proceed at this time; Plaintiff must effect service

of process on these Defendants, and serve a copy of this Memorandum and Order on all remaining Defendants;

4. The Court will permit the claims against Police Officer Mills with respect to alleged malicious prosecution to proceed at this time;

5. Plaintiff's Motion to Submit Medical Records (contained in Docket No. 11) is <u>DENIED</u> without prejudice. The Clerk shall return the original medical records to Plaintiff and correct the docket entry accordingly; and

6. Plaintiff's Motion for Clarification with respect to probable cause and the claim of malicious prosecution (contained in Docket No. 11) is <u>DENIED</u> as moot.

SO ORDERED.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: January 3, 2011