UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| MARCUS B. DIGGS, | * |
|---|---|
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 10-11688-JLT |
| | * |
| TIMOTHY MILLS, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM

July 21, 2011

TAURO, J.

I.  Introduction

Plaintiff Marcus B. Diggs brings suit against Defendants Timothy Mills, Peter Garabedian, and Chris Adams, three Boston police officers, for allegedly violating his constitutional rights. Presently at issue is Defendants' Motion to Dismiss the Plaintiff's Complaint [#29]. For the following reasons, Defendants' Motion to Dismiss is ALLOWED.

II.  Background[1]

Defendants Mills and Garabedian responded to a call for a person with a knife.[2] When Mills and Garabedian arrived on the scene, Defendant Adams and another Boston police officer were already there, and Plaintiff was lying across the front seat of a car.[3] A woman in the driver's

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiff's Complaint, Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] See Compl., 2 [#1].

[3] See Compl., 2 [#1].

seat of the car, Chi Wah Leung, was screaming to the nearby officers to get her infant son out of the vehicle.[4] It appeared to the police officers that Plaintiff was attempting to gain control of the car.[5] Garabedian and Adams ordered Plaintiff out of the vehicle and arrested him.[6] During the arrest, the officers twisted Plaintiff's arm and slammed him to the ground.[7]

After Plaintiff was in custody, the officers spoke to the driver of a tour bus who had witnessed the incident.[8] According to the police report, the driver told the officers that Plaintiff ran onto the tour bus with an open switch blade knife yelling, "Don't touch me."[9] Plaintiff then dropped the knife, ran off the bus, and lay down in the middle of the street.[10]

Leung told the officers that she saw Plaintiff lying in the street, so she pulled her vehicle to the side of the road.[11] Plaintiff then suddenly entered her vehicle and tried to take her car keys from her and press the gas pedal.[12] The police report also states that Leung was eventually able to place her vehicle in park and hand the keys to a passerby.[13]

---

[4] See Compl., 2 [#1].

[5] See R. App. Evidence, Ex. 1, at 46 [#3].

[6] See Compl., 20 [#1].

[7] Compl., 20 [#1].

[8] See Compl., 4 [#1].

[9] See Compl., 4 [#1].

[10] See Compl., 4 [#1].

[11] See Compl., 4 [#1].

[12] See Compl., 4 [#1].

[13] See Compl., 5 [#1].

2

Defendant Mills filed a criminal complaint and Plaintiff was charged with carjacking, assault with a dangerous weapon, and carrying a dangerous weapon.[14] Plaintiff was arraigned on August 11, 2008.[15] Plaintiff was ordered detained because of probable cause that he violated his probation.[16] On September 19, 2008, Plaintiff's probation was revoked.[17]

On November 18, 2008, the Commonwealth dismissed the charges of carjacking, assault with a dangerous weapon, and carrying a dangerous weapon for lack of prosecution.[18]

On September 24, 2010, Plaintiff filed the Complaint, alleging that Defendants Mills, Garabedian, and Adams violated Plaintiff's constitutional rights through false arrest, false imprisonment, perjury, malicious prosecution, abuse of process, excessive force, false reporting, and conspiracy to falsify police reports.

III.  Discussion

Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and on the ground that Defendants are entitled to qualified immunity.[19]

    A.    False Arrest and False Imprisonment

As the First Circuit has explained, the "constitutionality of a warrantless arrest

---

[14] See R. App. Evidence, 11 [#3].

[15] See R. App. Evidence, 10, 11 [#3].

[16] R. App. Evidence, 13 [#3].

[17] See R. App. Evidence, 45 [#3].

[18] See R. App. Evidence, Ex. 1, at 58 [#3].

[19] Defs.' Mot. Dismiss Pl.'s Compl., 1 [#29].

'depends . . . upon whether, at the moment the arrest was made, the officer[] had probable cause to make it.'"[20] The existence of probable cause "is gauged by an objective standard; as long as the circumstances surrounding the event warrant the officer's reasonable belief that the action taken is appropriate, the arrest is justified."[21] In determining whether probable cause existed at the time of an arrest, "police officers can justifiably rely upon the credible complaint by a victim to support a finding of probable cause."[22]

False imprisonment is "the 'intentional and unlawful confinement of a person, either directly or indirectly, of which the person confined is conscious or is harmed by such confinement.'"[23] Because unlawfulness is one element of false imprisonment, the existence of probable cause to effectuate an arrest often determines whether a plaintiff was falsely

---

[20] Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)).

[21] Id. (citing Scott v. United States, 436 U.S. 128, 137–38 (1978)). If an arrest is challenged on the basis that probable cause was lacking, the arrest is "'deemed objectively reasonable unless there clearly was no probable cause at the time the arrest was made.'" Sheehy v. Town of Plymouth, 191 F.3d 15, 19 (1st Cir. 1999) (quoting Top v. Wolkowski, 994 F.2d 45, 48 (1st Cir. 1993)). Moreover, a police officer "constitutionally may arrest an individual if he 'has probable cause to believe that an individual has committed even a very minor offense . . . .'" United States v. Matias-Maestres, 738 F. Supp. 2d 281, 295 (D.P.R. 2010) (quoting Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001)).

[22] Forest v. Pawtucket Police Dep't, 377 F.3d 52, 57 (1st Cir. 2004) (citing B.C.R. Transport Co., Inc. v. Fontaine, 727 F.2d 7, 10 (1st Cir. 1984)). Further, under the "fellow-officer" rule, law enforcement officials "are entitled to rely upon each other's knowledge of facts when forming the conclusion that a suspect has committed or is committing a crime." United States v. Meade, 110 F.3d 190, 193 (1st Cir. 1997) (citing United States v. Ventresca, 380 U.S. 102, 111 (1965)).

[23] Goddard v. Kelley, 629 F. Supp. 2d 115, 129 (D. Mass. 2009) (quoting Jonielunas v. City of Worcester Police Dep't, 338 F. Supp. 2d 173, 177 (D. Mass. 2004)).

4

imprisoned.[24]

Here, Defendants Mills and Garabedian acted in an objectively reasonable manner and with probable cause when they arrested Plaintiff. Defendants were responding to a 9-1-1 call regarding a person with a knife.[25] Further, when Defendants arrived on the scene, the driver of the car, Leung, was screaming and appeared to be frightened, and Plaintiff appeared to be attempting to take control of the car.[26] Because Plaintiff appeared to be committing a crime and because the safety of Leung, her child, and others were of concern, probable cause existed to arrest Plaintiff.

Because the officers had probable cause to arrest Plaintiff, Defendants' arrest and imprisonment of Plaintiff was constitutional. The false arrest and false imprisonment claims against Defendants therefore are dismissed.

B.    Perjury

Police officers are "absolutely immune from civil liability for perjured testimony."[27] For that reason, the perjury claim against Mills and Garabedian is dismissed.

C.    Malicious Prosecution

The elements of a malicious prosecution claim are: "(1) commencement or continuation of

---

[24] See Aldrich v. Town of Brookline, No. 06-10950, 2010 U.S. Dist. LEXIS 24790, at *12 (D. Mass. Mar. 18, 2010) ("False imprisonment is a species of false arrest, based on an arrest without probable cause." (citing Goddard, 629 F. Supp. 2d at 129)).

[25] See supra text accompanying note 2.

[26] See supra text accompanying note 4–5.

[27] Aldrich, 2010 U.S. Dist. LEXIS 24790, at *15 (citing Briscoe v. LaHue, 460 U.S. 325, 326 (1983)).

5

a criminal proceeding against the eventual plaintiff at the behest of the eventual defendant; (2) the termination of the proceeding in favor of the accused; (3) an absence of probable cause for the charges; and (4) actual malice."[28]

The Complaint is devoid of any facts to support such a claim. In response to a show-cause order from this court,[29] Plaintiff alleges that Mills acted with malice and that there was not probable cause to support each element of the charged offenses.[30] Because Mills had probable cause to arrest Plaintiff,[31] Plaintiff has failed to articulate sufficient facts to state a claim for malicious prosecution. This claim is dismissed.

### D. Abuse of Process

An abuse of process claim requires a plaintiff to show "(1) that process [has been] used (2) for an ulterior or illegitimate purpose, (3) resulting in damage to the plaintiff."[32]

Here, Plaintiff has failed to allege conduct by any of Defendants that would establish an abuse of process claim. The only mention of abuse of process in the Complaint is on the cover page. Further, Plaintiff did not allege a wrongdoer for his abuse of process claim, and there was probable cause to arrest Plaintiff. Plaintiff's claim for abuse of process therefore is dismissed.

---

[28] Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) (citing Correllas v. Viveiros, 410 Mass. 314, 318 (1991)).

[29] See Mem. & Order, 21 [#8].

[30] See Mot. "Dismiss" Certain Parties Civil Suite, 4–5 [#11].

[31] See supra Part III.A.

[32] Refuse & Envtl. Sys., Inc. v. Indus. Servs. of Am., Inc., 932 F.2d 37, 41 (1st Cir. 1991) (citing Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 489 (1986)); see also Ladd v. Polidoro, 424 Mass. 196, 198 (1997).

E. <u>Excessive Force</u>

To establish excessive force in violation of the Fourth Amendment, a plaintiff must show that a "defendant's actions in handcuffing [the plaintiff] were objectively unreasonable in light of the circumstances and the facts known to the officer at the time."[33] The reasonableness of the force "'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'"[34] In effectuating an arrest, a police officer may "use some degree of physical coercion or threat thereof to effect" the arrest.[35] Indeed, the "'use of force is an expected, necessary part of a law enforcement officer's task of subduing and securing individuals suspected of committing crimes.'"[36]

Here, Plaintiff falls short of stating an actionable claim for excessive force. His claim is based on his allegation that Defendants Garabedian and Adams twisted his arm behind his back and slammed him to the ground.[37] Plaintiff does not allege any facts, however, that demonstrate that Defendants were objectively unreasonable under the circumstances. Indeed, Defendants used objectively reasonable force because they reasonably believed that Plaintiff was armed and posed a

---

[33] <u>Calvi v. Knox County</u>, 470 F.3d 422, 428 (1st Cir. 2006) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989)).

[34] <u>Jennings v. Jones</u>, 499 F.3d 2, 11 (1st Cir. 2007) (quoting <u>Graham</u>, 490 U.S. at 396). Courts must pay "'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" <u>Id.</u> (quoting <u>Graham</u>, 490 U.S. at 396).

[35] <u>Graham</u>, 490 U.S. at 396 (citing <u>Terry v. Ohio</u>, 392 U.S. 1, 22–27 (1968)).

[36] <u>Jennings</u>, 499 F.3d at 11 (quoting <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1200 (11th Cir. 2002)).

[37] See <u>supra</u> text accompanying note 7.

danger to the officers, the occupants of the car, and nearby civilians.[38] Plaintiff has thus failed to state a claim upon which relief may be granted, and his claim for excessive force is dismissed.

F.   False Reporting

The First Circuit has held that "the mere filing of false police reports, by themselves and without more, [does] not create a right of action in damages under 42 U.S.C. § 1983."[39]

Because the Complaint lacks an explanation of how the alleged false police report constituted a constitutional violation, this claim is dismissed for failure to state a claim upon which relief may be granted.

G.   Conspiracy to Falsify Police Reports

A civil rights conspiracy is "'a combination of two or more people acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against another or injury upon another, and an overt act that results in damages.'"[40]  For a conspiracy claim, a plaintiff must

---

[38] Other courts have held that police officers who have used force similar to the force used against Plaintiff here did not use excessive force. See, e.g., Wertish v. Krueger, 433 F.3d 1062 (8th Cir. 2006) (affirming summary judgment in favor of a police officer on a plaintiff's excessive force claim where the plaintiff failed to cooperate with police by exiting his vehicle and the officer pulled the plaintiff out of the vehicle, took him to the ground, and handcuffed him); Jackson v. City of Bremerton, 268 F.3d 646 (9th Cir. 2001) (holding that a police officer had not used excessive force where the officer pushed a potentially threatening plaintiff to the ground for the purpose of handcuffing her, despite knowing of her preexisting back and shoulder injuries).

[39] Landrigan v. City of Warwick, 628 F.2d 736 (1st Cir. 1980) (internal citation omitted); see also Shock v. Tester, 405 F.2d 852, 855 (8th Cir. 1969).

[40] Santiago v. Fenton, 891 F.2d 373, 389 (1st Cir. 1989) (quoting Hampton v. Hanrahan, 600 F.2d 600, 620–21 (7th Cir. 1979)).

prove both an agreement as well as an actual deprivation of a constitutional right.[41]

Here, Plaintiff's Complaint alleges no such facts to demonstrate an agreement to violate his constitutional rights. It is not even entirely clear who Plaintiff alleges the conspirators are. The conspiracy claim against Mills and Garabedian is therefore dismissed because Plaintiff has failed to state a prima facie claim.

    H.    Qualified Immunity

Government officials performing discretionary functions generally are granted qualified immunity—that is, they "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[42] An official is entitled to qualified immunity unless: (1) "the plaintiff's allegations, if true, establish a constitutional violation"; (2) "the constitutional right at issue was clearly established at the time of the putative violation"; and (3) "a reasonable officer, situated similarly to the defendant, would have understood the challenged act or omission to contravene the discerned constitutional right."[43]

Here, Plaintiff cannot meet the first requirement of pleading facts that show a constitutional violation.[44] As such, Defendants are entitled to qualified immunity and Plaintiff's claims against them are dismissed.

---

[41] See Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988).

[42] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citing Procunier v. Navarette, 434 U.S. 555, 565 (1978)).

[43] Cox v. Hainey, 391 F.3d 25, 29–30 (1st Cir. 2004).

[44] See supra Parts III.A–G.

IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss the Plaintiff's Complaint [#29] is ALLOWED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge